OPINION
{¶ 1} Defendant-appellant Thomas Carter appeals his conviction and sentence from the Stark County Court of Common Pleas on two counts of possession of cocaine in violation of R.C. 2925.11. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 7, 2001, the Stark County Grand Jury indicted appellant on two counts of possession of cocaine in violation of R.C.2925.11(A). While one count was a felony of the third degree, the other was a felony of the fifth degree. At his arraignment on December 14, 2001, appellant pled not guilty to the charges contained in the indictment. Thereafter, after appellant waived his right to a trial by jury, a bench trial commenced on February 22, 2002. The following evidence was adduced at trial.
 {¶ 3} On November 28, 2001, Canton police officers and other members of the Stark Vice and SWAT units executed a search warrant for appellant at Andre's Bar. As a result of their raid on Andre's, two bags containing cocaine were found behind the bar and appellant, Angela Harper, Wanda Johnson, and Kim Jackson were all arrested.
 {¶ 4} At trial, Angela Harper, a barmaid at Andre's, testified that she had just finished making a mixed drink for appellant when the Swat team entered the bar. According to Harper, when the police came into the bar, appellant "stood up . . . and he took a bag right here out of his shorts and he threw it behind the bar." Transcript at 75. Since she had marijuana in her pocket, Harper dropped down behind the bar "to take the weed out." Transcript at 76. The police then told the bar patrons to put their hands up. At such time, Harper heard appellant, who had his hands up above his head, ask her to get the "dope" out of his sock. However, since she had her hand stuck in the pocket of her tight leather pants, Harper could not comply. After appellant used his foot to push the cocaine out of his sock and push it to the side, Harper swiped it with her hand and put it with the other bag of cocaine behind the bar.
 {¶ 5} A police officer then came behind the bar and told Harper to stand up. According to Harper, the police office told her that she had gotten involved in something that was none of her business. While Harper did not initially tell the police that the crack cocaine was appellant's since she was "seeing [appellant] at the time", later the same evening, she indicated to the police that it was appellant's crack cocaine. Transcript at 82. Harper, who admitted at trial to an extensive criminal record, testified that she had pled guilty to possession of crack cocaine, possession of powder cocaine and possession of marijuana as a result of the raid.
 {¶ 6} At trial, Wanda Johnson testified that on the night of the raid, she had gone to Andre's with appellant and her sister, Kim Jackson. According to Johnson, when the police entered the bar, she saw appellant, who was standing nearby, throw something behind the bar. When asked whether she saw appellant do anything else or say anything, Johnson responded as follows:
 {¶ 7} "A. Um, he was trying to get a dope sack out of his sock with his other, his left foot. And he asked Angie [Harper] to kick it under the bar. Once he had ridded it out of his sock." Transcript at 105. During her testimony, Johnson testified that, while they were in the county jail after their arrest, Harper asked her to testify "on her [Harper's] behalf to what had happened at the bar, because she was going to jail for a long time." Transcript at 107. Kim Jackson, Johnson's sister, testified that when the police entered the bar, she saw appellant hold his hand out towards Harper and tell her to "take this." Transcript at 135-136. Jackson, who was arrested as part of the raid, was charged with and pled guilty to the offense of possession of cocaine.
 {¶ 8} At trial, Detective Eric Stanbro of the Canton Police Department, testified he was a member of the Swat team that made the initial entry into Andre's Bar. Since Stanbro was the fourth member of the Swat team, it took him a second or two to enter the bar Stanbro testified that when he entered Andre's, he saw appellant standing, facing the bar, with his hands on top of the same. Stanbro then saw Harper, who had her hands in her pockets, pop up from behind the bar. Thereafter, Detective Stanbro "yelled at her to get her hands out of her pockets and pulled her out from behind the bar." Transcript at 61. After securing Harper, Detective Stanbro went behind the bar and found "a bag of what appeared to be powder cocaine and a bag of what appeared to be crack cocaine laying on the floor under the bar" approximately one and a half feet from appellant. Transcript at 61. When he asked Harper what she was doing, she told him that she had marijuana in her pockets that she was attempting to get rid of. According to Stanbro, it took him five to ten seconds between entering the bar and first noticing appellant.
 {¶ 9} Officer Joseph Mongold of the Canton Police Department also testified at trial. According to the officer, the only item found on appellant during the raid was $120.00 in currency with traces of cocaine. Officer Mongold further testified that appellant denied ownership of the cocaine found behind the bar and indicated that the cocaine belonged to Harper. However, according to Mongold, Angela Harper, Kim Jackson and Wanda Johnson all told Mongold that evening that the cocaine belonged to appellant. In addition, according to the officer, the three women, who had been transported to the jail separately after their arrests, gave statements three days later also stating that the cocaine belonged to appellant. Mongold further testified that appellant, without being requested to do so, attempted to assist the police in apprehending other drug dealers in the city.
 {¶ 10} At trial, appellant stipulated to the admission of a bag of 6.84 grams of crack cocaine and a bag of .49 grams of powder cocaine. In addition, appellant stipulated to the admission of $120.00 in currency, which had been taken from appellant upon his arrest, and stipulated that the money had traces of cocaine.
 {¶ 11} At the conclusion of the evidence, the trial court found appellant guilty of two counts of possession of cocaine in violation of R.C. 2925.11, one a felony of the third degree and the other a felony of the fifth degree. As memorialized in a Judgment Entry filed on February 27, 2002, the trial court sentenced appellant to a determinate two year prison sentence on the third degree felony possession charge and to a determinate six month jail sentence on the fifth degree felony possession charge. The trial court ordered that the two sentences be served concurrently.
 {¶ 12} It is from his conviction and sentence that appellant now appeals, raising the following assignment of error:
 {¶ 13} "The appellant's conviction was against the manifest weight of the evidence."
 I {¶ 14} Appellant, in his sole assignment of error, argues that his conviction for possession of cocaine was against the manifest weight of the evidence. We disagree.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus.
 {¶ 16} Appellant, in support of his argument that his conviction is against the manifest weight of the evidence, argues that the testimony of Angela Harper, Wanda Johnson, and Kim Jackson was not credible and, that, therefore, "there was no credible testimony proving that there was a nexus between the Appellant and he cocaine." Appellant points out that Harper, who was found crouching behind the bar near the drugs, admitted at trial to a lengthy criminal record. Appellant also notes that Wanda Johnson testified at trial that Angela Harper asked her to testify on Harper's behalf so that Harper could avoid a lengthy sentence. According to appellant, "her [Johnson's] testimony was remarkably similar" to Harper's story so as to lead one to believe that the stories had been rehearsed. Furthermore, appellant maintains that, based upon Detective Stanbro's testimony, there was insufficient time between the entrance of the police and the time appellant was seen with his hands up for appellant to have thrown the cocaine behind the bar. Finally, appellant contends that Kim Jackson's testimony was "wholly different" from Wanda Johnson's and Angela Harper's testimony.
 {¶ 17} However, upon our review of the evidence, we find that the trial court did not lose its way so as to create a manifest miscarriage of justice. The trial court, as trier of fact, was in the best situation to assess the witnesses' credibility. At the conclusion of the trial, the trial court, on the record, indicated that there were inconsistencies between the testimony of Angela Harper, Wanda Johnson, and Kimberly Jackson. However, based on the totality of their testimony and the testimony of Joe Mongold, who testified that he was told on the evening of the raid by the three woman that the drugs belonged to appellant, the trial court found appellant guilty of possession of cocaine. Clearly, the trial court found that the three women, who the trial court noted were "friendly to appellant", to be credible witnesses. In fact, the trial court stated on the record that it found their testimony to be credible.
 {¶ 18} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 19} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed. By Edwards, J.
Gwin, P.J. and Boggins, J. concur.
topic: In Re: Possession of Cocaine — Manifest Weight.